Johnson, J.
delivered the opinion of the Court.
I am unable to discover, in the evidence of the case, any proof of an undertaking to carry the cotton previous to its being put on board, unless it is to be inferred from the circumstance of the defendant’s landing at the place where if was stored, and declaring his inability to take it in: give the plaintiff then the benefit of this inference, and it amounts to no more than a general undertaking to Cany; for there is no proof of a usage or general understanding peculiar to this-particular navigation. By a general agreement to carry, the carrier undertakes for no more than that he will furnish a sufficient vessel and á competent crew to navigate her. If thé vessel and the crew are sufficient for the voyage, and a loss happen, the carrier is discharged, although' a stronger vessel would have withstood the shock. 1 Strange, 128. I will not, however, go so far as to say that the usage of a particular navigation, when the choice of a vessel and crew may be an' important consideration, might not alter the cáse; but in this case there was no evidence of such usage. ,
Divesting this case, however, of the inference that there was a previous general undertaking to cany the cotton; which I am inclined to think is rather strained, and it amounts to no more than *116 an undertaking to carry on board of Ives’s vessel, which, without an extraordinary accident, was sufficient for the voyage, and navigated by a . competent crew: and as the loss in this case happened by the perils of the sea, the defendant is discharged from all liability.
Hayne, for the motion.
Yancey, Contra.
The circumstance of the defendant’s having given a mere formal receipt for the delivery of the cotton in Charleston, I do not think sufficient to charge him in all events ; for it amounted to no more than a general undertaking, subject to all the legal implications applicable to a parole contract for that purpose, unless it contains some express stipulation to charge him as insurer; and not having had a view of this receipt to enable me to determine whether it contains such stipulations or not, and more especially as it was not stated in the argument that it did, I feel warranted in presuming that it does not.
I am, therefore, of opinion, that the motion for a new ught to be granted.
The otli^r Judges concurred, except Colcoch, J. who gave no opinion, not having heard the ar~ .gument.